

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 12, 1990

Mr. Jack E. Crump
Executive Director
Texas Commission on
  Jail Standards
P. O. Box 12985
Austin, Texas  78711

Opinion No.  JM-1260

Re:  Whether minimum jail standards established by section 511 of the Government Code are applicable to jails operated for a municipality by a private entity  (RQ-2069)

Dear Mr. Crump:

You ask whether minimum jail standards adopted by the Texas Commission on Jail Standards pursuant to section 511.009 of the Government Code are applicable to jails operated for a municipality by a private entity.  You ask:

> Do Minimum Jail Standards developed as a requirement of Section [511.009] apply to jails . . . operated by a private entity for a municipality?

> Do requirements to provide consultation and technical assistance, review of plans, and inspection apply to these facilities?

> Does this statute apply to those facilities already in existence [that] are operated by a private vendor for a municipality?

Section 361.061 of the Local Government Code, formerly codified as article 5115e(a), V.T.C.S., provides that the governing body of a municipality may contract with "a private vendor or a county" for the operation and maintenance of a jail.

Section 361.062 of the Local Government Code, formerly codified as article 5115e(b), sets out the conditions that must be included in such a contract. Subsection (1) of section 361.062 states:

> A contract made under this subchapter must:

(1) require the private vendor or county to operate the facility in compliance with minimum standards of construction, equipment, maintenance, and operation of jails adopted by the Commission on Jail Standards and receive and retain a certification of compliance from the commission.

Your concern is prompted by the provisions of section 511.009 of the Government Code authorizing the commission to adopt reasonable standards for the operation of county jails. Because section 511.009 refers only to the commission's power to adopt standards for county jails, you question whether this rulemaking authority is extended to municipal jails operated by a private entity under section 361.061.

Section 511.009 is a nonsubstantive recodification of article 5115.1, V.T.C.S., originally enacted in 1975. H.B. 272, Acts 1975, 64th Leg., ch. 480, at 1278. Section 511.009 sets forth the general duties of the commission:

(a) The commission shall:

(1) adopt reasonable rules and procedures establishing minimum standards for the construction, equipment, maintenance, and operation of the county jails;

(2) adopt reasonable rules and procedures establishing minimum standards for the custody, care, and treatment of prisoners;

(3) adopt reasonable rules establishing minimum standards for the number of jail supervisory personnel and for programs and services to meet the needs of prisoners;

(4) adopt reasonable rules and procedures establishing minimum requirements for programs of rehabilitation, education, and recreation in county jails;

(5) revise, amend, or change rules and procedures if necessary;

(6) provide to local government officials consultation on and technical assistance for county jails;

(7) review and comment on plans for the construction and major modification or renovation of county jails;

(8) require that the sheriff and commissioners of each county submit to the commission, on a form prescribed by the commission, an annual report on the conditions in each county jail within their jurisdiction, including all information necessary to determine compliance with state law, commission orders, and the rules adopted under this chapter;

(9) review the reports submitted under Subdivision (8) and require commission employees to inspect county jails regularly to ensure compliance with state law, commission orders, and rules and procedures adopted under this chapter; and

(10) at least annually determine whether each county jail is in compliance with the rules and procedures adopted under this chapter.

(b) A commission rule or procedure is not unreasonable because compliance with the rule or procedure requires major modification or renovation of an existing jail or construction of a new jail.

Gov't Code § 511.009.[1]

---

1. Subsection 9A was added by S.B. 289, Acts 1989, 71st Leg., ch. 20, at 297, to article 5115.1, V.T.C.S., without reference to its repeal and recodification as section 511.009 of the Government Code. Subsection 9A provides:

(a) On the request of a sheriff, the commission shall
(Footnote Continued)

The legislature has by the express provisions of section 361.062 evidenced its intent that the Commission on Jail Standards' responsibility be enlarged to include private vendors and counties operating a jail for a municipality. Section 361.062 is the later enactment of the legislature and we believe both statutes must be construed together in order to give effect to the intent of the legislature. See Gov't Code § 311.025. In construing a statute the courts may consider the consequences of a particular construction. Section 361.061 allows municipalities to contract with a county as well as a private vendor for the operation of a jail. To conclude that a county operated municipal jail facility is subject to rules of the commission while a municipal facility operated by a private vendor is excepted from regulation would produce an illogical result as well as create confusion in the administration of the act.[2]

---

(Footnote Continued)

inspect a facility to determine whether there are areas in the facility in which fire sprinkler heads should not be placed as a fire prevention measure. In making a decision under this section, the commission shall consider:

(1) the numbers and types of inmates having access to the area;

(2) the likelihood that an inmate will attempt to vandalize the fire sprinkler system or commit suicide by hanging from a sprinkler head; and

(3) the suitability of other types of fire prevention and smoke dispersal devices available for use in the area.

(b) If the commission determines that fire sprinkler heads should not be placed in a particular area within a facility, neither a county fire marshal nor a municipal officer charged with enforcing ordinances related to fire safety may require the sheriff to install sprinkler heads in that area.

2. Attorney General Opinion MW-328 (1981) concluded that city jails under contract with counties to hold county prisoners are considered "county jails" under section 511.001 of the Government Code.

We conclude that the requirements of section 511.009 of the Government Code are applicable insofar as they come within the requirements of subsection (1) of section 361.062 of the Local Government Code that requires the operation of the facility "in compliance with the minimum standards of construction, equipment, maintenance, and operation of jails adopted by the Commission on Jail Standards and [that the facility] receive and retain a certification of compliance from the commission."

Your second question is whether requirements to provide consultation and technical assistance, review of plans, and inspection apply to these facilities. We believe the requirements stated by section 361.062 of the Local Government Code for a contract entered into between a municipality and a private vendor under that provision are sufficiently broad to include the requirements that you ask about.

Your third question is whether section 361.062 of the Local Government Code makes the section 511.009 of the Government Code requirements applicable to those facilities already in existence operated by a private vendor for a municipality. Former article 5115e(b), V.T.C.S., recodified as section 361.062 of the Local Government Code, was adopted in 1987 with an effective date of August 3, 1987. H.B. 80, Acts 1987, 70th Leg., 2d C.S., ch. 35, at 123. A statute is presumed to be prospective in its operation unless expressly made retrospective. Gov't Code § 311.022. The statute also negates retrospective operation in that it applies to "contracts entered into under this article." We conclude that the provisions of section 361.062 of the Local Government Code are applicable to those facilities already in existence, so long as the contract between the municipality and a private vendor for the operation of the jail was entered into on or after the statute's effective date of August 3, 1987.

## S U M M A R Y

Minimum jail standards adopted by the Texas Commission on Jail Standards are applicable to jails operated by a private vendor for a municipality insofar as they come within the requirements of section 361.062 of the Local Government Code that require the operation of the facility "in compliance with the minimum standards of construction, equipment, maintenance, and operation of jails adopted by the Commission

on Jail Standards and receive and retain a certification of compliance from the commission." Requirements that the commission provide consultation and technical assistance, review of plans, and inspection apply to jails operated by a private vendor for a municipality. The provisions of section 361.062 of the Local Government Code are applicable to jails operated by a private vendor, so long as the contract between the municipality and the private vendor for the operation of the jail was entered into on or after August 3, 1987, the effective date of the prior codification of section 361.062.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General